It appears that we are ready for our next argument. This is Yolanda Duncan versus the City of Sandy Springs, Ryan Garecki and Jason Anderson. Draco Sapar is here for the appellate Duncan. Wes Jackson is here for the City of Sandy Springs and Ryan Garecki. And Kevin Doyle is here for Jason Anderson. Mr. Sapar, you may begin. Your Honor, may it please the court. My name is Draco Sapar. I'm the attorney for Yolanda Duncan, the appellant in this case. On March 13, 2017, Ms. Duncan went upon her regular daily routine. She went to work out at LA Fitness. She parked her car in the parking lot of an LA Fitness, entered the LA Fitness establishment, completed her workout, and she exited the LA Fitness. Upon her exit, she was confronted by the officer. I don't know if I'm pronouncing this correctly. I thought he was Officer Gerichke, but is the defendant officer and defendant Anderson. She was told that she scratched the parking. She tried to explain that that's not what happened. There was a sort of a verbal, a tense verbal exchange, if you will, that transpired. It is not completely clear exactly what transpired because we never got the benefit of discovery. But based on the information that we have, we did make some allegations in the complaint that are to be construed as true at this stage of the litigation. Now, one of the allegations of the complaint is that Ms. Duncan allegedly, we don't admit this in the complaint, but we acknowledge that there's allegation that she refused to provide her driver's license to the officer. Oh, she ended up arrested, charged with obstruction and hit and run. Mr. Separ, I don't know if I'm pronouncing your name correctly. I apologize. My understanding from reading the complaint is that it's unclear to me from reading the complaint, but it appears that the officer was waiting outside the gym. Is that what happened? Is and he asked if she was Yolanda Duncan. Your Honor, let me see what exactly the allegations are. I believe we stated that she was confronted upon her exit. Paragraph 15 says as Ms. Duncan approached her car upon exiting the LA Fitness, she was and it's unclear to me and I understand that we're hearing a motion to dismiss. So I want to stick to the to the facts of the complaint because that's the the allegations that are we have to accept as true. But the officer ran. It's unclear to me whether or not the officer actually saw the vehicle or not. But either way, he ran the tag. So he had her as Yolanda Duncan when she was confronted by the officer when she exited the gym. That's the allegations of the complaint. Correct, Your Honor. So is there and my understanding from the complaint is that she was arrested after he spoke to an unknown officer for failing to I don't care what the other allegations what what happened afterwards. The basis for her seizure was that she failed to provide her driver's license. Well, I believe the basis for the initial seizure was the information by Mr. Anderson that, you know, she scratched his car and that she was seized upon exiting the LA Fitness. And then the arrest, I think, was conducted after this consultation with Defendant Doe. Does that answer the question? Right. But based on her failing to provide a driver's license base, that was allegedly the basis again. And is there is there a statute in place? I'm from Florida, so I don't I don't know. I'm not I'm not from Georgia. So is there a statute? I mean, I looked, but is there a statute that says that if you fail to provide a driver's license to an officer that you you can be arrested? Well, we briefed this extensively, Ronner, and neither party could find any statute on that exact point. The closest that defendants have gotten to it is citing OCGA 40-5-29, which is duty to exhibit the driver's license. And that I understand because you're actually driving a vehicle. You should have a driver's license with you when you're driving a vehicle. And if you're stopped, you should then present your identification, which is your driver's license, showing that you could that you are capable you have the ability or that you have the right to be driving that car. Right. To my knowledge, there is no other law that could possibly be applicable here as far as showing your driver's license. And again, we go a little bit into the constitutional discussion of Hebel case, the United States Supreme Court case, where they were talking about whether, you know, just the demand to identify yourself is something that you constitutionally should be. And in this case, the district court judge stayed discovery. So you were never able to even obtain the name of the unknown officer who supposedly okayed the arrest. Correct, Ronner. And just to this is not in the complaint, but you know, we got our I only want to stick to the complaint. We're here on a 12 v six. And so I just want to I just want to stick to the complaint. The other question I have, and I just want to confirm this, my understanding from reading the record and your response to the motion to dismiss is that you objected to the trial court judge, the district court judge, I'm reviewing or admitting into evidence or considering any of the exhibits that were attached to the motion to dismiss you objected to that? Yes, we did. Okay, thank you. All right. Now, going to we have two completely different defendants here, you know, one is clothed with qualified immunity. One is not, you know, Mr. Anderson is sort of a regular citizen. Mr. Gorichka is, you know, an officer with discretionary duties and qualified immunity. So the arguments obviously are markedly different when it comes to those two defendants. I'm going to start with Officer Gorichka and with a qualified immunity question, because obviously, it applies to both false arrest and malicious prosecution under 1983 here. And the defendants below made three different arguments. One, I already touched upon that, you know, there was at least arguable probable cause that in this case, the officer had at least arguable probable cause to arrest Ms. Duncan for failure to exhibit her driver's license under OCGA 40-5-29. Number two, that he had arguable probable cause to arrest her for failure to comply with her duty upon striking unattended vehicle under OCGA 40-6-271. And that he had at least arguable probable cause to arrest her for obstruction under 16-10-24. The first one, I think is the easiest one, we already touched upon that the judge below expressed really expressed doubts in a footnote, whether or not that statute applies, because it says, like every licensee shall have his driver's license in his possession at all times when operating a motor vehicle and is clearly by its plain terms, limited to operating the motor vehicle. The judge below did not decide this question one way or another, because, of course, felt that he didn't have to because he found the basis decision on that there was at least arguable probable cause for... Let me ask you a question about the, because the complaint does say that she was arrested for failing to produce her ID, but then later she was charged with hit and run. And when I read that particular statute, hit and run, I kind of find it difficult to charge someone with hit and run when they parked the car and came back to the car. I'm not sure that that's a hit and run under the maybe opposing counsel can persuade me otherwise. I think it was a it was a very gross mistake on the part of the officer to charge that. And I don't think anybody seriously argued even below that that the hit and run was applicable. But of course, for the purposes of the qualified immunity, you can come up with other statute that statutes or other crimes that they allege the qualified immunity would apply because the officer had at least arguable probable cause to arrest for. And so one of those is duty upon striking an unattended vehicle. They're saying, they're arguing, well, the officer could have arrested her for violation of her duty while striking an unattended vehicle. That statute says the driver of any vehicle which collides with another vehicle which is unattended shall immediately stop and shall then and there either locate and the opposing counsel should be prepared to answer this question for me. But it's unclear to me how the district court judge could make a credibility determination in a motion to the motion to dismiss stage, frankly, even a credibility determination and summary judgment is not appropriate either. When your client specifically denies causing the accident. So I'm not sure how you can notify someone when you don't know you have caused an I agree. And I think that the Georgia case law is in agreement with that, because even with traffic offenses, which are considered strict liability offenses, state versus Oglavi, which is a 2012 Georgia Supreme Court case says that, you know, if I quote from that case says criminal intent must be proven by the state in every prosecution, and that criminal intent, while it does not mean an intention to violate the law or violate the penal statute, simply means to intend to commit the act which is prohibited by the statute. So you still in order to be able to commit that crime, you have to intend, maybe it doesn't matter that you intended to violate the law, but you had to intend to commit an act that is prohibited by the statute. And in this case, really, the act is not an act is an omission. And if you don't have subjective information that you hit another vehicle, then you cannot have an intent to commit an act of omission of reporting something that you don't have to report the information that you don't have. It's impossible to have mens rea for that crime, according to this interpretation of mens Again, counsel, I this is really for your opposing counsel, but I'm having a hard time because this is a motion to dismiss is 12 v six, the allegations, it's only the allegations of the complaint that we accept as true. And your client disputes that she hit the car. So I don't know how he can make a credibility determination on that. But I couldn't agree more, Your Honor. So if I might touch on the obstruction issue, quickly, the obstruction issue, in this case, you know, they're also arguing that there's arguable probable cause that Ms. Duncan committed obstruction. Now, the crux of our argument here is that, you know, and this is the allegation of the complaint as well, the officer had all the information he needed to complete his investigation, he had the name, the address, because he pulled the tag, he could, you know, everything, you know, Ms. Duncan basically, you know, confirmed, okay, I'm Ms. Duncan, we're alleging he had the information of the address and everything he needed. And so it is not clear how it is related, the order to produce a driver's license is related to this investigation. And therefore, the violation of that order would cause an obstruction. And Your Honor, I would like to reserve the remaining my time for rebuttal. Well, before you before you stop, what do you have to a neutral magistrate judge later issued a warrant based on the same facts that officer directly relied upon to conduct his arrest for obstruction and to display driver's license and striking an unattended vehicle. Is that enough, at the very least, to say that there was probable cause for those arrests? There was arguable probable cause for those arrests? Your Honor, according to Malley versus Briggs, which is what the defendants themselves cite, you know, there is an exception to this presumption of objective reasonableness afforded to an officer. When a magistrate issues a warrant, when it is obvious that no reasonably competent officer would have concluded that a have applied for a warrant. So it seems to me that this standard is very similar to the qualified immunity standard. If no reasonable officer would have thought that the crime was committed, then no reasonable officer should have concluded that a warrant should issue and therefore applied for a warrant. And that argument, you know, that they quote further in their brief, really, on page 28 of their of their brief, this language from Malley versus Briggs. So there is an exception for that. All right. Thank you, Mr. Supar. And we'll hear from Mr. Jackson on behalf of the city of Sandy Springs and Ryan directly. Your Honor. Hey, it pleases the court. I represent Officer Jarek in the city of Sandy Springs. I regret to say that my computer crashed. I've just jumped into a colleague's office. I request just a minute to pull up some notes. If the court would grant me that. If not, I can proceed. We can hear from Mr. Doyle first. All right. Thank you. All right, Mr. Doyle. We'll hear from you on behalf of Jason Anderson. Thank you, Your Honor. I've only got five minutes. So of Jason Anderson in this case. And the issues are a little different as to him. He's being sued for malicious prosecution. And there's no specific facts in the complaint to support the claim that Jason Anderson was unduly influenced or that Jason Anderson unduly influenced Officer Jarek to arrest Ms. Duncan or cause him to arrest Ms. Duncan. In the complaint, paragraph 25, the complaint states that Ms. Duncan was under arrest for alleged failure to produce her ID. And to address Judge McGough's question about the statute, 46-270 requires that in any case where there's an alleged motor vehicle accident, such as in this case, upon request or if it's available, one of the folks involved in that alleged incident has to exhibit his or her operator's driver's license to the person struck or to the driver occupant of the person attending any vehicle collided with. In this case, Jason believed that his car was in contact with the other vehicle. Regardless of who's involved. Where does it say that, counsel? Because you're looking at 271, you're saying? I'm looking at 46-270. But is it in 271 because it wasn't unattended? I mean, your client doesn't dispute that the vehicle was unattended, correct? Well, when she came back, it was attended. When she came back, she came back to the scene where the vehicles were. And in that situation, under 46-270, the driver of that vehicle has a duty to provide their operator's driver's license at that time. She didn't do that. Regardless of what the law says, Mr. Anderson didn't have anything to do with the fact that she didn't produce your driver's license. Right or wrong, that was a choice that she made. Certainly, Jason Anderson didn't ask for her to be arrested, didn't want her to be arrested. He would much rather not be incurring attorney's fees in this case, certainly. All he wanted to do was a police report so that he could, if he needed to, take it to his insurance company and provide it to them in regard to this incident. So, you know, without evidence that he caused the arrest itself, there should not be a malicious prosecution claim in this case. So we cited the Jackson v. Tamar case. In that case, the court said that under a malicious prosecution case, the plaintiff has to show that the defendant gave information which he knew to be false and unduly influenced the authorities. In this case, Mr. Anderson didn't unduly influence Mr. Gerke or Officer Gerke. He simply asked for a police report, asked for help to find who the driver was of the other vehicle. Well, let me ask you a question because in the complaint, it's undisputed in the complaint, the allegation is taken as true, that the officer knew who the owner of the vehicle was, Yolanda Duncan, and obviously he was able to pull up her information so he could write a police report with that information. He could have, and if he did that, he maybe wouldn't have arrested her. And that's something that wasn't, he made an independent decision to do that. I understand that's not your client, but I'm just pointing out that he had the information. If all your client wanted was a police report, that information was available. Right, and that would have been fine. Believe me, he would have rather that happened than for her to be arrested, and he wouldn't be here today. So regardless of the law on that, Mr. Anderson did not make the decision for her to be arrested. Officer Gerke did. And under the law in that Jackson v. Kmart case, if the officer makes an independent decision to arrest the driver in that case, then the person that made the complaint or called the police is not responsible under malicious prosecution. And under that authority, Mr. Anderson respectfully requests that the questions I will turn over to counsel for Sandy Springs. All right, Mr. Jackson, you may proceed. May it please the court, I represent the Appalachian City of Sandy Springs and Officer Ryan Gerke is how we're going to pronounce his name. The main issue on this appeal is whether there was probable cause for Mr. Gerke to arrest and prosecute plaintiff after she refused to contact information as required by Georgia law with Mr. Anderson and also for refusing to produce her driver's license to Mr. Gerke as he was investigating a criminal offense which was hit and run or striking an unattended vehicle. The trial court correctly determined that plaintiff's own complaint allegations established probable cause for her arrest. Specifically, Officer Gerke had probable cause to arrest plaintiff for the hit and run of an unattended vehicle statute 40-6-271 because there's no... Did the complaint have any facts in it saying that the officer had conducted an investigation of what had transpired because did not Ms. Duncan say that she did not hit the car? She said she didn't hit the car but the officer is not required to credit her statement. There are cases in the 11th circuit that says a police officer has a duty to investigate. He does have a duty to investigate and his investigation was Mr. Anderson telling him that a car had hit his in a parking lot showing him a picture of Ms. Duncan's vehicle quote in her complaint on top of Mr. Anderson's and then her coming out confirming that is her car she did the scene. That's probable cause to believe that there was some kind of contact. Now she may say she didn't think she did but if an officer can't arrest someone anytime they deny or they produce an alibi to seem an accident then no one's ever getting arrested for anything. Why does anyone have to be arrested in this situation? When she identified herself, he had the information on the vehicle, who it was, who it belonged to. Why is it not enough just to write a traffic report? Why did it have to be an arrest for failing to produce a driver's license? Where exactly does it say that you must produce a driver's license or you must be arrested? All right there's a few answers to those questions your honor. First, the arrest no one had to be arrested. If Ms. Duncan wanted to participate in Officer Jarrett's investigation she could have but she didn't. Well she identified herself and she identified that that vehicle belonged to her. Yes so that to me implies that she was cooperating with the investigation. Well and then she refused to produce her license when Mr. Jarrett asked for it and here's the important part. When Mr. Jarrett walked up on the scene before plaintiff even came out of the LA fitness there was probable cause to believe something had happened that if someone hits an unattended vehicle and then leaves without leaving a note that violates OCGA. But again that we're here on a 12 v 6 motion to dismiss and the complaint says that I did not cause the accident and in fact the complaint also says that the insurance company found that in fact Ms. Duncan was not responsible for the accident. Correct? Does it not allege that? It alleges that we have to accept that as true because it's a 12 v 6 motion correct? Yes but factual innocence is not uh does not factor into the probable cause analysis. We have we can't use a but again if she is saying that she did not hit the car how then are you supposed to report something that you do not have knowledge of? That's okay is this not appropriate for a fact finder? Should this not go to discovery where you then can expand and find out what exactly transpired here and we can find out what officer Doe said because maybe officer Doe was told something otherwise. Maybe officer Doe is going to say I didn't tell them to arrest her for that. I was told x and in fact that wasn't true. I don't know because we don't know what the facts are of this case. I don't even know if the officer in question walked over to where the accident was. I have no idea. So is this not inappropriate at this procedural posture for this case to be decided on this facts of this record? It is not inappropriate your honor because the probable cause analysis does not turn on whether or not Miss Duncan in fact struck the vehicle. It turns on whether the circumstances presented to the officer at the scene of the accident gave him probable cause to believe that she might have and then left the scene without contacting Mr. Anderson and that's what the that's the analysis that the trial court conducted and that's the appropriate analysis. People can get arrested. There can be probable cause to arrest someone even if they did not in fact commit the offense that they're accused of committing. Let me ask you a question because my understanding of the order from the trial court judge is that he reviewed exhibits that were attached to your motion to dismiss correct? Yes your honor. Right. How is that appropriate when even the case that the district court judge cited said that's only appropriate if there the contents of the exhibits are not in dispute and in this case the plaintiff specifically objected to the consideration of the exhibits and their response to the motion to dismiss. Is that not accurate? Well it's accurate that the plaintiffs objected. The plaintiffs objected to the objected then they are in dispute are they not? Not not necessarily your honor. She objected to his consideration even though she attached she referenced them in her case that was cited by the district court judge specifically said you can only consider documents attached that are not part of the complaint if the contents are not in dispute which I understand because there could be a situation where the plaintiff and the defendant say you know what we don't have anything in dispute it's okay we didn't attach it to the complaint and we don't object to consideration by the district court judge but here you have a situation where the plaintiff specifically objected to the consideration of those documents that were not attached to the complaint so how can you tell me that it is appropriate on a 12b6 motion for the district court judge to consider that? Because the case law in the 11th circuit is that if you reference the document and the complaint you can attach it to a motion to dismiss because it's been incorporated by reference and she does she did not want the court to consider it but the photograph was not referenced I mean that's that's a photograph you I don't know who took it we have if it were as a summary judgment you'd have to have something that was actually able to be introduced admissible at trial so how who who authenticated that photo? It's the photograph that's referenced in her complaint that Mr. Anderson showed Mr. Garrett your honor and the case law on considering documents extraneous to the complaint it requires the plaintiff to object to the authenticity or the truthfulness of the document she did not object to that she just objected to the court's interpretation of the document and and defense counsel's interpretation of the document showing her vehicle. She objected to the consideration period of the documents. She did but she did object to the consideration but the standard is not if any party objects the court can consider it the standard is they don't if there's no question as to the authenticity of what it depicts so you can have a video you can have a photograph that could lead to multiple interpretations that does not mean it can't be considered on a motion to dismiss if the document's been referenced in the complaint which it has been here. She did not say that's not the photo that Mr. Anderson showed Mr. Jerry she just said I don't want the court to consider that at this stage and she has not said that's not the photograph that Mr. Anderson showed Mr. Garrett or that that's not her vehicle or that that's not Mr. Anderson those objections again the issue I have with this is that she was never shown that photograph the complaint doesn't say that she was shown that photograph so how could she possibly object us to say whether or not that was even the photograph because even in the complaint it says this photo was shown by Mr. Anderson to the officer okay well Ms. Duncan has no idea what photograph it was because she wasn't given that and there's nothing in the complaint that references that well did she I don't know if she was or wasn't shown on the scene but her her attorneys certainly had I'm talking about again this is the issue it's a 12b6 so it's anything the only thing we're considering is what is in the complaint okay and the only thing on the complaint is is that uh Anderson showed uh the object to it because she never saw the picture there's been no discovery how can we know that this was in fact the photograph that was shown well she she had her attorney had the picture when we filed our motion to dismiss and then he had the opportunity did they do discovery no because you stayed discovery correct right well yes discovery was staged but again the probable cause analysis here does not turn on um Ms. Duncan's subjective beliefs on whether or not she did or didn't hit the vehicle it was the objective circumstances presented to Mr. Jarrett my remaining seconds I'll add that plaintiff has failed to state a monel claim against the city of Sandy Springs because she failed to show a pattern of practice of any type of constitutional violations and I'll also add that her first amendment claim fails based on Nieves because Nieves was not decided until after this case and my time is up unless the court has additional questions right uh thank you Mr. Jackson and Mr. Sepoy you've reserved some time for rebuttal thank you your honor uh I will address uh briefly um defendant Anderson's uh argument that uh which that argument uh goes along the um for obstruction that that sort of in a way breaks the causal chain between uh Mr. Anderson's false statements and the arrest of Ms. Duncan um the case that they decide Jackson versus uh Kmart actually makes an exception for the situation when there was an undue influence you know when there was undue influence by the by the person that made the report or when there was false information it's it's it's clear in that case that is you know they say essentially if there was false information provided you know the picture would have been completely different and on the question of undue influence um even if independently you know there is this crime of obstruction that has happened you know um if you give false information to the officer and then the and then they say that there is obstruction that happened related to that investigation you have unduly influenced the entire investigation from the get-go and therefore uh you have unduly influenced that arrest for obstruction as well what is the false information he showed him a picture said my car is damaged and look at this picture what's the false information there your honor the false information is that and that was why we objected to the picture because the picture really just shows like a blob that you can't tell what this is and you can't tell where this picture was taken he claimed that miss duncan hit his vehicle miss duncan and this was the whole big dispute between uh miss duncan trying to explain to the officer that she didn't hit a vehicle because she was just shocked of being accused she said you know she remembered uh that there's an allegation in the complaint that says uh uh that is there some evidence that he told the officer miss duncan hit my vehicle yeah uh yes he uh informed his the officer that miss duncan hit his vehicle and that you know that was the vehicle i didn't see any of that evidence i thought he said my car is damaged and here's a picture this car is on top of my car i thought that's what he said i don't think he even knew who miss duncan was okay let me go back to the complaint and um let's see exactly um all right she was a miss duncan was approached uh by officer uh jerek and then according to the police report there's paragraph 16 of the complaint according to police report officer jerek uh acted based on information uh from jason anderson who came up to him and stated that his vehicle was hit in the parking lot of alice hitness and it did help tracking down the driver mr anderson showed officer jerek a picture of what he alleged was a black lexus that was on top of his vehicle and then the paragraph 17 it says officer jerek ran the tag of the black lexus and we don't say that's the black lexus that he alleged hit him but that's the the reasonable implication i believe okay all right thank you yeah uh if there's no more question uh i'm out of time all right thank you mr safar and mr jackson and mr doyle thank you thank you thank you all this court is in recess until nine o'clock tomorrow morning